UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JASPREET SINGH,

Petitioner,

Case No. 1:26-cv-630

v.

Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.27–28.)

In an order entered on February 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 4, 2026, (ECF No. 5), and Petitioner filed his reply on March 5, 2026, (ECF No. 6). On March 10, 2026, Petitioner submitted a written notice to the Court stating that he had received a bond hearing on March 5, 2026, and that the immigration judge denied bond to Petitioner. (Notice, ECF No. 7.)

## II.    Factual Background

Petitioner is a native and citizen of India. (Notice to Appear (NTA), ECF No. 5-1, PageID.79.) Petitioner entered the United States on or about May 3, 2022, at or near San Luis, Arizona, without inspection. (*Id.*) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) DHS then released Petitioner into the United States on his own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order Release Recognizance, ECF No. 5-3, PageID.87.)

On or about December 16, 2025, Petitioner was attempting to enter Canada when he was returned to the United States by Canadian border patrol agents and arrested by United States DHS agents. (Pet., ECF No. 1, PageID.6; Form I-213, ECF No. 5-2, PageID.84.) At that point, DHS agents discovered that Petitioner had criminal charges for theft and racketeering, as well as a warrant for failure to appear. (Form I-213, ECF No. 5-2, PageID.84-85.) Petitioner informed the DHS agents that he wished to be returned to India. (*Id.*, PageID.85.)

Petitioner was scheduled for a master calendar hearing on March 3, 2026, in the Detroit Immigration Court.[1] (Notice of Internet-Based Hearing, ECF No. 5-5.) On March 5, 2026, Petitioner received a bond hearing, at which time the immigration judge denied Petitioner's request for bond "on the grounds that [Petitioner] is subject to mandatory detention under the Laken Riley Act."[2] (Notice, ECF No. 7.)

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

---

[1] The parties do not provide any other information about the March 3, 2026, hearing.

[2] The parties do not provide any other information about the March 5, 2026, hearing.

**IV.    Discussion**

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to conduct a bond hearing or, alternatively, to release Petitioner from custody. (Pet., ECF No. 1, PageID.27–28.) Since initiating this action, Petitioner received a bond hearing, and the immigration judge denied Petitioner's request for bond. (Notice, ECF No. 7.)

Petitioner subsequently notified the Court that a bond hearing took place, but Petitioner did not raise any constitutional claims regarding the March 2026 bond hearing. (*Id*.) Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks in his § 2241 petition, and Petitioner does not raise any claims regarding the bond hearing itself in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[3]

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    March 25, 2026                         /s/ Jane M. Beckering
                                                 Jane M. Beckering
                                                 United States District Judge

---

[3] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the March 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.